# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

YIWU LANGXUN ELECTRONIC
COMMERCE CO., LTD

    Plaintiff,

  v.

THE CORPORATIONS, LIMITED
LIABILITY COMPANIES,
PARTERNSHIPS, AND
UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE A,

    Defendants.

Case No. _____

Hon. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Yiwu Langxun Electronic Commerce Co., Ltd. brings this Complaint against The Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified in Schedule A. Schedule A is being filed together with this Complaint and a motion for the same to be sealed. Schedule A sets forth Defendants' identities to the best of Plaintiff's knowledge, and the manner in which Defendants are infringing Plaintiff's patent. Plaintiff alleges as follows:

1

## PARTIES

1. Plaintiff is a company based in Yiwu, Zhejiang, China. Plaintiff is the owner of a United States design patent, the Asserted Patent identified in Schedule A. Plaintiff sells its own products covered by the Asserted Patent in the United States and elsewhere.

2. Defendants are identified in Schedule A.

3. Defendants are online sellers who hosts online stores on Amazon.com. On information and belief, Defendants are not subject to any effective verification process when creating their online stores, allowing Defendants to mask their true identities and to protect their financial assets, in order to avoid liability for its infringing acts. For example, after being detected, a Defendant can close one online store and open a new online store associated with a new name and address to continue its infringing activities. Because of these concealment efforts, it is virtually impossible, or at least very difficult, for Plaintiff to determine the true identity of Defendants.

4. On information and belief, Defendants use financial accounts and services offered by Amazon.com as well as other online accounts/payment processors to accept revenues from its infringing activities. On information and belief, Defendants can use these accounts and services to quickly transfer funds to other accounts in the event its infringing activities are discovered or Plaintiff obtains a monetary judgment

against it. On information and belief, the ultimate resting place for the majority of Defendants' funds will be in foreign accounts outside the jurisdiction of United States courts.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this court under 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391.

7. As shown in Schedule A, on information and belief, Defendants purport to reside in China, and not in any judicial district in the United States.

8. This Court may properly exercise personal jurisdiction over Defendants because Defendants targets consumers in the United States, including Michigan, by selling infringing products in their online stores. By operating these online stores, Defendants intend to do business with and solicit the business of United States citizens, and in particular, Michigan residents. Defendants, through their online stores, offers to sell infringing products into the United States and specifically, offers to ship said infringing products to Michigan. As a result of Defendants' infringing activities through their online stores in Michigan, Plaintiff has been harmed as will be addressed in this Complaint.

## JOINDER OF DEFENDANTS

9. All Defendants are making, using, importing into the United States, offering for sale, and/or selling goods that are at least substantially similar to Plaintiff's patented design to the eye of an ordinary observer.

10. Joinder of all Defendants is permissible under Fed. R. Civ. P. 20(a)(2) and 35 U.S.C. § 299(a) at least because Plaintiff's right to relief is asserted against Defendants jointly, severally, or with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences (namely, the making, using, importing into the United States, offering for sale, and/or selling of the same or nearly identical accused products). Moreover, questions of law or fact common to all defendants will arise in this action.

11. Defendants' actions are logically related and cause indivisible harm to Plaintiff because Defendants are engaging in a systematic approach of establishing online stores to make, use, import into the United States, offer for sale, and/or sell the same or nearly identical products. On information and belief, Defendants are acting in concert if not directly, at least by obtaining the infringing products from a common source or related sources, or engaging in the infringing activities at the suggestion or direction of a common source or related sources.

12. For example, two Defendants list nearly the same addresses, although they purport to be different companies. [Schedule A, Defendant Nos. 8, 15.]

13. Another set of Defendants purport to be different companies but the companies have similar names and list their location as two buildings at the same address. [Schedule A, Defendant Nos. 30 and 44.]

14. Another Defendant appears to sell and/or manufacture accused products under four ASINs (Amazon Standard Identification Numbers) under two different Amazon stores. [Schedule A, Defendant No. 3.]

15. Two Defendants use what appears to be the same product photograph (save for the addition of a model in one of the photographs), although the Defendants purport to be different companies. [Schedule A, Defendant Nos. 42 and 43.]

16. Other Defendants that purport to be different companies residing at different addresses sell identical or nearly identical products and use identical or nearly identical photographs/marketing materials in their product listings.

17. On information and belief, Defendants offer infringing products on their online stores not only for the purpose of making sales of those products but also to drive traffic to their online stores by offering popular or desirable products, thereby increasing the value of their online stores, all at Plaintiff's expense. Each Defendants' individual action thus contribute to Defendants' unlawful gains, as a whole.

18. Joinder of all Defendants also serves the interests of convenience and judicial economy, allowing for speedy and economical resolution of this matter for all parties and the Court.

19. In the same vein, joinder of all Defendants will not cause any unnecessary delay, prejudice any party, or affect the rights of any party.

## COMMON ALLEGATIONS

20. Plaintiff is the owner of all rights, title, and interest in a United States Patent which is identified in and attached to Schedule A ("Asserted Patent").

21. Plaintiff possesses all rights of recovery under the Asserted Patent and has standing to sue for infringement of the Asserted Patent.

22. The Asserted Patent is valid and enforceable.

23. Plaintiff notifies the public of its rights in the Asserted Patent by marking its own products covered by the Asserted Patent with the Asserted Patent number as set forth in 35 U.S.C. § 287.

24. Without license or authorization from Plaintiff, Defendants offered for sale, sold, made, used, and/or imported into the United States Accused Products that infringe the Asserted Patent as shown in Schedule A.

25. Plaintiff has been harmed by Defendants' unlawful activities.

## COUNT I – INFRINGEMENT OF ASSERTED PATENT

26. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

27. Defendant has been and is now infringing, literally and/or under the doctrine of equivalents, the Asserted Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling infringing Accused Products, without license or authorization, as shown in Schedule A. These acts constitute infringement under at least 35 U.S.C. § 271(a).

28. Plaintiff has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate it for Defendants' infringement.

29. As a direct and proximate consequence of the infringement, Plaintiff has been and is being harmed, and, unless Defendants' infringing acts and practices are enjoined by the Court, will continue to be injured in its property rights.

30. On information and belief, Defendants' infringement will continue unabated unless and until enjoined by this Court.

31. Plaintiff is entitled to injunctive relief from this Court under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

Plaintiff asks this Court to enter judgment against Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. An adjudication that Defendants have infringed the Asserted Patent;

B. The ascertainment of and award to Plaintiff of damages from the infringement of the Asserted Patent, together with prejudgment and post-judgment interest and any other costs and expenses permitted by law, under 35 U.S.C. § 284;

C. A finding that this case is exceptional and the award of reasonable attorneys' fees, costs, and expenses in this action to Plaintiff under 35 U.S.C. § 285;

D. An injunction permanently enjoining Defendants from any further acts of infringement of Plaintiff's patent rights under 35 U.S.C. § 283, including:

    a. Offering for sale, selling, making, using, and/or importing into the United States any products not authorized by Plaintiff that infringe the Asserted Patent;

    b. Aiding, abetting, inducing, contributing to, or otherwise assisting anyone in infringing the Asserted Patent; and

    c. Any action designed to circumvent the injunction for the purpose of continuing infringing activity, such as assigning or transferring business rights, or forming new entities;

E.  An accounting of Defendants' profits resulting from the infringement;

F.  Entering an Order that, on Plaintiff's request, those in privity with Defendants and those with notice of the injunction in part D, such as Amazon.com and third party financial service providers acting in cooperation with Defendants for their infringing activity, shall cease providing services to Defendants that enable Defendants to continue conduct enjoined in part D; and

G.  Awarding to Plaintiff such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 21, 2025                          Respectfully submitted,

                                              EVIA LAW PLC

/s/ Jessica Fleetham
Jessica Fleetham (P81038)
32400 Telegraph Suite 103
Bingham Farms, MI 48025
248.243.1201
jessica@evialaw.com