UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YIWU LANGXUN ELECTRONIC
COMMERCE CO., LTD.

    Plaintiff,

v.

JOHN DOE CORPORATIONS,

    Defendants.
_____/

Case No. 25-11509

Hon. F. Kay Behm

**OPINON AND ORDER DENYING MOTION
FOR *EX PARTE* TEMPORARY RESTRAINING ORDER**

Before the court is Plaintiff's motion for an *ex parte* temporary restraining order. The court held a hearing on June 4, 2025, and took the matter under advisement. For the reasons explained below, Plaintiff's motion is **DENIED.**

**I.    FACTUAL BACKGROUND**

Plaintiff Yiwu Langxun Electronic Commerce Co., Ltd., filed this patent infringement action against 57 companies, who are based in China and sell products on Amazon. Plaintiff is the owner of a U.S. patent for the design of a round frame on a stand that can be decorated with balloons or flowers and that serves as a backdrop for photos. Plaintiff alleges that the

defendant sellers are infringing on its patent by selling products with an identical design, for a lower price. Plaintiff contends that as a result of this widespread infringing activity on Amazon, it has been forced to drop its price over the past few years, from approximately $90 per frame to $30.

Plaintiff seeks *ex parte* relief, alleging that the defendant counterfeiters are likely to close their Amazon shops and disappear if they were to receive notice of this action. According to Plaintiff's counsel, who has submitted a declaration stating that she has investigated this matter, "The Defendants appear to be acting in concert with one another and/or at the direction or suggestion of a common party. At the same time the Defendants appear to be concealing their true identities." ECF No. 6 at ¶ 4. In support, Plaintiff provides examples of two different companies that have the same address, two companies with similar names that operate in two different buildings at the same location, and one company that appears to sell infringing products using four different Amazon accounts. Plaintiff also alleges that "different companies residing at different addresses sell identical or nearly identical products and use identical or nearly identical photographs/marketing materials in their product listings." ¶¶ 5-9.

Plaintiff further notes that the defendants all appear to be Chinese companies. "Plaintiff can only assume that these Defendants have

2

resources in China that they could use to transfer their assets to foreign accounts beyond this Court's jurisdiction. Plaintiff is concerned that once Defendants learn of this lawsuit, these Defendants will transfer their assets to unreachable foreign accounts, making it impossible for Plaintiff to be made whole for Defendants' infringement." *Id.* at ¶¶ 9-10.

## II.   ANALYSIS

### A. Standard for *Ex Parte* Relief

"The only type of injunctive relief that a district court may issue *ex parte* is a temporary restraining order." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993); Fed. R. Civ. P. 65(b). According to Federal Rule of Civil Procedure 65(b), the "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if:*

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id.* (emphasis added). These "stringent restrictions . . . on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before

3

reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). An *ex parte* temporary restraining order is "only appropriate where the applicant would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Erad v. Johnson*, 905 F. Supp.2d 782, 791 (E.D. Mich. 2012).

The Sixth Circuit has explained that "[t]he normal circumstance for which the district court would be justified in proceeding *ex parte* is where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found." *Depinet*, 11 F.3d at 650. It also described "another limited circumstance for which the district court may proceed *ex parte*: where notice to the defendant would render fruitless further prosecution of the action." *Id.*

In this case, Plaintiff has physical addresses for most of the defendants, and Amazon account information for the others. Therefore, the adverse parties are not "unknown or unable to be found." Plaintiff appears to be arguing that notice to these defendants would render further prosecution of this action "fruitless." "To justify proceeding ex parte because notice would render further action fruitless, the applicant must do more than

4

assert that the adverse party would dispose of evidence if given notice. 'Where there are no practical obstacles to giving notice to the adverse party, an ex parte order is justified only if there is no less drastic means for protecting the plaintiff's interests.'" *Depinet*, 11 F.3d at 650 (citation omitted).

The Sixth Circuit has cautioned that unsupported assertions that a defendant is likely to conceal or destroy evidence are insufficient to justify proceeding *ex parte.* "Showing that the adverse party would have the opportunity to conceal evidence is insufficient to justify proceeding ex parte. If it were, courts would be bombarded with such requests in every action filed." *Id.* at 651.

Here, Plaintiff has provided little more than conjecture supporting its request to proceed *ex parte*. Although its allegations have some persuasive logic, it has provided no *evidence* that the defendants are likely to conceal or destroy evidence or disappear. Plaintiff "must show that the adverse party is *likely* to take the opportunity for such deceptive conduct," for example by showing that "defendants, or persons involved in similar activities, [have] concealed evidence or disregarded court orders in the past." *Depinet*, 11 F.3d at 651 (emphasis added); *Versah, LLC v. Ul Amin Indus.*, 2020 WL 6198472, at *2 (E.D. Mich. Oct. 22, 2020) (Berg, J.)

5

(denying *ex parte* relief in trademark case where there was "no direct evidence that Ul Amin would destroy evidence nor had they previously seen Defendants attempt to hide assets"); *Zuru (Singapore) PTE, Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A*, 2021 WL 310336, at *4 (D. Haw. Jan. 29, 2021) ("'[C]onclusory statements' regarding the propensity of counterfeiters in general to engage in evasive tactics is insufficient to meet Rule 65(b)(1)'s 'stringent' standard.") (citing cases).

    The court has previously granted *ex parte* relief in a patent case, *Choon's Design v. AYSum Life*, Case No. 24-13321, under distinguishable circumstances. In *Choon's Design*, the plaintiff made a showing, with supporting declarations, that "the way the online sellers shield themselves from accountability suggests that they are knowingly trading in possibly infringing products." Specifically, the plaintiff showed that "Defendants operate ecommerce stores anonymously under aliases and fictitious business names," and despite "its enforcement efforts, the ecommerce stores used to sell the accused mini-loom kits have multiplied." The plaintiff in *Choon's Design* further alleged that when it persuades "ecommerce platforms like Amazon to shut down their online accounts, the accused infringers do not stop selling the accused mini-loom. Instead, they make

6

different online accounts to continue selling the same products under new aliases. Additionally, to avoid paying any monetary judgment awarded to Choon's Design, the accused infringers regularly move assets from their online payment accounts in the United States to offshore accounts outside the jurisdiction of the Court." Case No. 24-13321, ECF No. 16 at PageID.620-21. Here, Plaintiff presupposes that the same thing will happen if notice is given to Defendants of this action; however, unlike the plaintiff in *Choon's*, Plaintiff lacks a history of enforcement efforts or other specific evidence supporting these allegations.

Another concern for the court is that Plaintiff has not satisfied the "immediate and irreparable" injury requirement. Based upon Plaintiff's allegations, it appears that this infringement has been occurring over a period of years and that Plaintiff was aware of it, which cuts against a finding of immediate and irreparable injury.

Because Plaintiff has not satisfied the "stringent" requirements for *ex parte* relief, the court will deny its motion for a temporary restraining order without reaching the merits of its patent infringement claims.

### B. Expedited Discovery

Plaintiff also seeks expedited discovery of "(1) information

related to Defendants' identities possessed by the online marketplaces on which they transact their infringing business and their financial service providers and (2) identification of Defendants' financial accounts, and (3) sales records for the sale of the Accused Products, including number of units sold, price per unit, total gross revenues received, and the dates thereof."

Federal Rule of Civil Procedure 26(d)(1) provides that the parties may begin discovery before their Rule 26(f) conference when authorized by the district court upon a showing of good cause. Fed. R. Civ. P. 26(d)(1). "Within this Circuit, district courts have found good cause for granting expedited discovery when the true identities of the defendants are unknown, when the moving party alleges infringement, when the scope of the discovery sought is narrow, and when expedited discovery would substantially contribute to moving the case forward." *North Atl. Operating Co. v. Huang*, 194 F. Supp. 3d 634, 637 (E.D. Mich. 2016) (Berg, J.). Here, there are some Defendants whose identities appear to be unknown. Allowing Plaintiff limited discovery to ascertain their identities is appropriate. However, Plaintiff's expedited request for financial or sales information is unsupported, particularly in light of the court's finding that Plaintiff has not shown that Defendants are likely to hide assets or destroy

evidence. Plaintiff is not entitled to an asset restraint in any event, because the Supreme Court has held that a district court generally has no authority to issue a preliminary injunction preventing a defendant from disposing of assets pending adjudication of a claim for money damages. *Grupo Mexicano de Desarrollo, S. A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 333 (1999).

### III.   CONCLUSION

Therefore, for the foregoing reasons, it is **ORDERED** that Plaintiff's motion for an *ex parte* temporary restraining order (ECF No. 2) is **DENIED**, the motion to seal (ECF No. 4) is **DENIED**, and the request for expedited discovery is **DENIED IN PART**, except to the extent Plaintiff may seek discovery from Amazon or other online marketplaces to ascertain the identities and addresses of the Defendants. The Clerk is **ORDERED** to **UNSEAL** all sealed filings in this case.

SO ORDERED.

Dated: June 10, 2025               s/F. Kay Behm
                                   F. Kay Behm
                                   United States District Judge