+UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YIWU LANGXUN
ELECTRONIC COMMERCE
CO., LTD.,

                     Plaintiff,

v.

JOHN DOE CORPORATIONS, *et al.*,

                   Defendants.
_____/

Case No. 25-11509

F. Kay Behm
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER ON PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE (ECF No. 14)

Pending before the Court is Plaintiff Yiwu Langxun Electronic Commerce Co, Ltd's ("Plaintiff" or "Yiwu") *Motion for Alternative Service* (ECF No. 14).

## I. FACTUAL BACKGROUND

On May 22, 2025, Plaintiff initiated this patent infringement case by filing their Complaint against numerous "Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations" as identified in Schedule A ("Defendants"). (ECF Nos. 1, 1-1, 5). Plaintiff alleges that Defendants have been and are infringing Plaintiff's patent under 35 U.S.C. § 271(a), "literally and/or under the doctrine of equivalents," by making, using, offering for sale, importing, and/or selling infringing products without a license or authorization from Plaintiff.

Plaintiff further alleges that Defendants are acting in concert, either directly or by obtaining the infringing products from a common source or related sources or engaging in the infringing activities at the suggestion or direction of a common source or related sources.  For example, Plaintiff asserts that several of the Defendant companies operate under similar names, some Defendants share addresses or are in the same or nearby buildings, some Defendants sell infringing products under multiple online stores purporting to be different companies but are in actuality a single company, and many Defendants use identical photographs or other marketing materials in their product listings despite purporting to be different companies.

The Court notes that in Schedule A, Plaintiff identified 57 potential defendants, and to date, only Defendants Wokceer-US, Asee'm, Putros-US, and Fomcet have appeared in this case.  (ECF Nos. 5, 10).

## II.   DISCUSSION

On October 16, 2025, Plaintiff filed their *Motion for Alternative Service* (ECF No. 14), seeking to serve 18 Defendants by email.  Plaintiff indicates that they served limited discovery on Amazon to ascertain identifying information of all 57 Defendants, including their addresses.  *Id.*  Plaintiff has identified 18 Defendants ("Alternative Service Defendants") who lack a physical address for service, and notes that Amazon sellers are not subject to any effective verification

process when creating an online store, which has allowed the Alternative Service

Defendants to mask their identities.  *Id.*  Plaintiff conducted research on all

Defendants and determined that the Alternative Service Defendants are Chinese

entities whose available addresses "do not correspond to any building or location

in China, or correspond to a building or location that appears to be that of another

company."  (ECF Nos. 14, 14-1).  Plaintiff contends that "email service is likely to

apprise these Defendants of this action, because they are online companies that

interact with Amazon by email." *Id.*

Rule 4(f) of the Federal Rules of Civil Procedure articulates the authorized

methods for service of process on individual defendants residing in foreign

countries.  Rule 4(f)(1) authorizes service in a "manner that is reasonably

calculated to give notice" by means consistent with international agreements, such

as those authorized by the Hague Convention on the Service Abroad of Judicial

and Extrajudicial Documents, Nov. 15, 1965, 20 U.S.T. 361.  Fed. R. Civ. P.

4(f)(1).  Rule 4(f)(2) authorizes service by a method that is reasonably calculated

to give notice when there is no internationally agreed upon means of service or

does not specify other means of service.  Fed. R. Civ. P. 4(f)(2).  Rule 4(f)(3)

authorizes service "by other means not prohibited by international agreement, as

the court orders."  Fed. R. Civ. P. 4(f)(3).

3

"A district court is afforded 'wide discretion' to order service under Rule 4(f)(3) in order to enable the court to fit the manner of service to the facts and circumstances of a particular case." *U.S. Commodity Futures Trading Comm'n v. Majestic Enters. Collision Repair, Inc*., 2011 WL 767890, at *3 (N.D. Ohio Feb. 28, 2011). Courts have found that Rule 4(f) "does not require a party to serve process by the means specified in subsections 4(f)(1) and (f)(2) before a court permits alternative service by 'other means' under Rule 4(f)(3)" and that "there is no hierarchy among the subsections in Rule 4(f)." *BBK Tobacco & Foods, LLP v. Gooshelly*, 613 F. Supp. 3d 1012, 1014 (E.D. Mich. 2020) (quoting *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018); *Advanced Aerofoil Techs., AG v. Todaro*, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012)).

District courts within this Circuit have held that service via email is not prohibited under the Hague Convention, but the Sixth Circuit has not addressed this issue. *See Choon's Design LLC v. Aysum Life, et al.*, No. 2:24-CV-13321-FKB-APP, 2025 WL 2556596, at *20 (E.D. Mich. Apr. 14, 2025) *Binzhiyuan (Hong Kong) Paper Prods. Ltd. v. Xi*, No. 25-10716, 2025 WL 870131, at *1 (E.D. Mich. Mar. 20, 2025); *Noco Co., Inc. v. Zhejiang Quingyou Elec. Commerce Co.*, No. 1:20CV1170, 2021 WL 374617, at *4 (N.D. Ohio Feb. 3, 2021); *BBK Tobacco & Foods, LLP*, 613 F. Supp. 3d at 1014; *Liberty Media Holdings, LLC v. Marione*, No. 09-14617, 2010 WL 11545316, at *4 (E.D. Mich. Apr. 15, 2010).

Here, Alternative Service Defendants are in China but cannot be served under the Hague Convention because their true addresses are still unknown following Plaintiff's research which revealed that the addresses provided to Amazon are either incorrect or fake.  (ECF Nos. 14, 14-1); s*ee, e.g.*, *BBK Tobacco & Foods, LLP*, 613 F. Supp. 3d at 1014 (citing *Liberty Media Holdings, LLC*, 2010 WL 11545316, at *4 ("The Court concludes that addresses for defendants [. . .] are unknown and that the Hague Convention should not apply to service of process on these defendants") (citations omitted)).  Plaintiff also asserts that emailing Alternative Service Defendants is reasonably calculated to give them effective notice because Plaintiff obtained their email addresses from the online platform, Amazon, where they conduct business.  (ECF No. 14).  The Court agrees.  Plaintiff has shown that Alternative Service Defendants lack a physical address for service and that they are online companies that are known to interact and conduct business with Amazon by email.

The Court finds that service by email, under the particular facts here, is reasonably calculated to give Alternative Service Defendants effective notice of the claim against them.  The Court will therefore grant Plaintiff's request to effectuate service on the eighteen (18) identified Alternative Service Defendants by sending a copy of the complaint and summons to the emails identified in the declaration in support of Plaintiff's motion.  (ECF No. 14-1).  Additionally,

consistent with the other rulings in this District, the service emails must be sent with a read-receipt or a third-party confirmation of receipt.  *See, e.g.*, *Binzhiyuan (Hong Kong) Paper Prods. Ltd.*, 2025 WL 870131, at *1; *BBK Tobacco & Foods, LLP*, 613 F. Supp. 3d at 1014; *Liberty Media Holdings, LLC*, 2010 WL 11545316, at *4.

## III.   CONCLUSION

Accordingly, upon consideration of the motion, for the reasons as stated, and for good cause, it is **ORDERED** that Plaintiff's *Motion for Alternative Service* (ECF No. 14) be and is hereby **GRANTED**.

It is further **ORDERED** that Plaintiff may effectuate service on **ONLY** the eighteen (18) identified Alternative Service Defendants by sending a copy of the complaint and summons to the emails identified in the declaration in support of Plaintiff's motion (ECF No. 14-1), and by using the read-receipt function or an email service company that will supply proof of service.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which

the party objects and state the basis of the objection.  When an objection is filed to

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich.

Local Rule 72.2.

Date: November 4, 2025                    s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge