**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| YIWU LANGXUN ELECTRONIC COMMERCE CO., LTD.,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>THE CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>Defendants/Counter-Plaintiffs. | Case No. 4:25-cv-11509-FKB-CI<br><br>Hon. F. Kay Behm<br>Mag. Curtis Ivy, Jr. |

**ORDER DIRECTING CERTAIN DEFENDANT TO RETAIN A NEW ATTORNEY ON PENALTY OF DEFAULT**

This is a patent infringement case in which Plaintiff Yiwu Langxun Electronic Commerce Co., Ltd. ("Yiwu") alleges that the Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations identified in Schedule A to the Complaint (collectively, "Defendants") infringe a Yiwu design patent on a "Balloon Frame," U.S. Patent No. D976,752 (the "D'752 Patent").

Currently pending before the Court is a Motion to Withdraw as Counsel filed by attorney Jianyin Liu, counsel for Defendant

FOSHANSHIFANDAJIAJUSHIYEYOUXIANGONGSI d/b/a Vanda FDT (Schedule A Def. No. 7) ("Vanda"). ECF No. 100.[1]

The Court hereby notifies Vanda that it intends to grant the Motion to Withdraw as Counsel. However, before granting the Motion to Withdraw as Counsel, the Court will give Vanda thirty (30) days to find a new attorney.

The Court further notifies Vanda that only attorneys may represent corporations or other artificial entities in federal court. *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969) ("28 U.S.C. § 1654 … has been uniformly construed to mean that a corporation cannot appear otherwise than through an attorney."); *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel.").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Vanda shall have thirty (30) days from the date of this Order to obtain a new attorney and for that attorney to make an appearance in this case.

2. If Vanda fails to do so, the Court will direct the Clerk to enter a default against Vanda pursuant to Federal Rule of Civil Procedure 55(a). *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought

---

[1] The motion to withdraw was also filed as to Defendant SHENZHENSHI NAMUCUODIANZIKEJI YOUXIANGONGSI d/b/a QSN Namtso, but the parties have since stipulated to dismiss that Defendant. *See* ECF No. 105.

has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

3. Attorney Jianyin Liu shall serve the Motion to Withdraw as Counsel and this Order upon Vanda via email and regular mail at their last known address.

**SO ORDERED**.

Dated: October 5, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge